UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

THOMAS J. ST. DENIS,
        Petitioner,

     v.                                               CASE NO. 3:16-cv-441 (VAB)

DAELTE LIMA ST. DENIS,
        Respondent.

## RULING RESOLVING THE PARTIES' DISCOVERY DISPUTES IN PART

Respondent has filed a motion asking for the Court's assistance in resolving certain discovery disputes. Mot. For Order to Resolve Discovery Disputes, ECF No. 78. The Court has scheduled a telephone call to discuss the motion. Order, ECF No. 80. To streamline that call, the Court will address a few of the disputes now.

The Court is satisfied by the Petitioner's answer to Interrogatory Number Two, which provides an estimate of the number of days per month Mr. St. Denis has spent in Brazil during the requested time period. It does not believe that Mr. St. Denis needs to provide a day-by-day summary of his whereabouts for Ms. St. Denis to obtain the discovery she needs to defend this lawsuit. Because Interrogatory Number Sixteen seeks the same information, the Court will not compel Petitioner to answer it.

The Court also will not compel Petitioner to answer Interrogatory Number Twenty-Three, which seeks information about child support payments that Petitioner has made since December 2015. While child support payments may be relevant to the question of whether Mr. St. Denis was exercising his custodial rights prior to the alleged abduction of the children, whether he has made payments after the alleged abduction is irrelevant. *See e.g. In re R.V.B.*, 29 F. Supp. 3d

1

243, 253 n.8 (E.D.N.Y. 2014) ("[I]t is nonsensical that [a] failure to pay [child support] *after* the Child is removed somehow curtails his parental rights for purposes of the Hague Convention petition…."). Nor is this information relevant to Mr. St. Denis's credibility.

The Court orders Petitioner to respond to Interrogatories Number Four and Five, but to limit his answer to the past five years. These interrogatories ask what countries have issued Mr. St. Denis a passport and where he is registered to vote. The Court also orders Petitioner to provide answers to Interrogatories Six and Eleven, which ask the Petitioner to identify the issuing state of any driver's licenses he possesses and whether he holds a driver's license issued in Brazil. The Court also orders Petitioner to answer Interrogatory Number Seventeen, which asks how often and for how many days Mr. St. Denis has been in the United States since January 1, 2013. However, a reasonable and good faith estimate similar to that provided in Interrogatory Number Two, rather than a precise number of days, will suffice. All of this information will assist the Court in determining where Mr. St. Denis was habitually resident and, as a corollary, where the children were habitually resident. *See Gitter v. Gitter*, 396 F.3d 124, 134 (2d Cir. 2005) (holding that the parents' intent, as revealed by "actions" and "declarations," is relevant in determining a child's habitual residence because "[n]ormally the shared intent of the parents should control the habitual residence of the child.").

The Court will not compel Petitioner to respond to Interrogatory Number Seven, seeking the residential address listed on each of the Petitioner's driver's licenses. This highly specific information is irrelevant, particularly where the Petitioner will identify the state or country that issued each of his licenses.

The Court also directs Petitioner to answer more fully Interrogatory Number Thirteen, which asks for "all times" the children primarily lived with the Petitioner and the addresses

where he did so.  Mr. St. Denis's answer does not sufficiently respond to this request, which seeks information that is relevant to whether Mr. St. Denis exercised his custodial rights prior to the alleged abduction.  *See Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 203-04 (E.D.N.Y. 2010) (noting that whether the petitioner actually exercised his custody rights is the third element of a prima facie Hague Convention case and identifying factors relevant to this inquiry to include taking care of the children by providing them with clothes, food, shelter, medical and other living expenses).

The Court will address any other discovery issues not resolved in this Ruling on the telephone call scheduled for June 9, 2016 at 11:00 a.m.

**SO ORDERED** this seventh day of June 2016 at Bridgeport, Connecticut.

       /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge