IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS J. ST. DENIS,<br>    Petitioner | : | |
| | : | |
| v. | : | No. 3:16-cv-00441-VAB |
| | : | |
| DAELTE LIMA ST. DENIS,<br>    Respondent. | : | |
| | : | |

**ORDER**

Petitioner, a citizen of Brazil and the United States, filed this action on March 16, 2016 under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (the "Hague Convention") and its implementing legislation, the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 et seq. ECF No. 1.  Petitioner sought the return of his two children, who, he alleged, had been taken to Connecticut in violation of the Hague Convention.

After delaying several hearings in the case, Petitioner moved to dismiss it on October 25, 2016.  *See* Motion to Dismiss under F. R. Civ. P. 41(a)(2), ECF No. 135.  On November 10, 2016, Mr. St. Denis submitted an amended motion to dismiss the case, this time requesting the Court to dismiss the case with prejudice.  *See* Amended Motion to Dismiss, ECF No. 146.  In a subsequent filing responding to an Order from his Court, Mr. St. Denis suggested that the parties split the cost of the Guardian ad Litem.  *See* Pl.'s Mem. re: Order to Show Cause, ECF No. 148.

Mr. St. Denis also argued that attorneys' fees "would not be appropriate," given that Respondent herself had delayed the case by moving for appointed counsel.  *Id*.  In response, Ms. St. Denis contended that Petitioner bore the primary responsibility for the delay, particularly for the period from June 15, 2016, when Petitioner moved to testify remotely at the hearing scheduled for

June 20, to October 26, 2016, when he moved to dismiss the case.  Respondent's Reply, ECF No. 149.  At a hearing on November 28, 2016, the parties each represented a preference for the case to be dismissed with prejudice.  The parties also agreed that it would be appropriate to share the fees for the guardian ad litem.

Rule 17(c) gives district courts the authority to appoint a guardian ad litem to protect the interests of a minor or incompetent party.  F. R. Civ. P. 17(c)(2).  When a court appoints such a guardian, the costs and expenses of the guardian ad litem may be charged to the parties as the court orders.  *Id. See also* 10-54 Moore's Federal Practice - Civil § 54.102 (2016).  The court also has the discretion to tax the costs of the guardian ad litem to the "prevailing party."  *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001).[1]

Because Petitioner was responsible for delaying the resolution of this case from June until he moved for dismissal in October, he should be solely responsible for the fees that Attorney Welty incurred relating to proceedings scheduled after June 20.  These costs represent the time that Attorney Welty spent preparing for and attending hearings scheduled for July 13, 2016 and October 26, 2016, both of which were postponed by Petitioner.  The parties will split equally the fees incurred by Attorney Welty before June 20, 2016.  *See* Guardian ad Litem's Revised Affidavit re: Attorney's Fees, ECF No. 145.

---

[1] Because the parties have agreed to share the cost of the guardian ad litem, the Court does not need to analyze whether Ms. St. Denis is the "prevailing party" under F.R. Civ. P. 54, or whether guardian ad litem fees are properly taxed as costs, although both propositions are likely true.  *See Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 71 (S.D.N.Y. 2015) (holding that "because the action was voluntarily dismissed against [defendant] with prejudice, [defendant is] a 'prevailing party' under Rule 54(d)(1)"); *Gaddis v United States*, 381 F.3d 444, 454-55 (5th Cir. 2004) (en banc) ("[U]nder Rule 17(c), the district courts have inherent authority and discretion to determine ... [w]hether the compensation payable to the guardian ad litem will be treated (1) as a court cost to be taxable against the nonprevailing party or (2) as an expense to be payable out of any funds recovered by or payable to the minor or incompetent person on whose behalf the guardian ad litem was appointed.")

More specifically, Petitioner will be solely responsible for compensating Attorney Welty for 9.6 hours of work, and the parties will equally split the fees associated with the remaining 15.5 hours of work.  Petitioner is ordered to pay $8,241.25 and Respondent is ordered to pay $3,681.50.  Each party is responsible for directly reimbursing Attorney Welty and must file a representation with the Court indicating that they have done so by December 30, 2016.

Rule 41(a)(2) governs a plaintiff's voluntary dismissal of her complaint after an answer has been filed. The Rule allows for voluntary dismissal, but "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  In this case, parties and the Court agree that dismissal with prejudice is appropriate. The Court dismisses the case with prejudice.  The Clerk of Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut this 16th day of December, 2016.

__/s/ Victor A. Bolden_____

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE